# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

CHARLES K. ANGELL, JR.,

      Plaintiff,

v.                                                                      CIVIL ACTION NO. 5:26-cv-00242

JUSTIN FARIS, *Sheriff,* and
TROOPER B. J. WILEY,
*WV State Police*, and
TROOPER HATFIELD,
*State Trooper*, and
J. S. WARD, *Deputy Sheriff*, and
DEPUTY T. A. WITHROW,
*Summers Co. Sheriff Department*, and
T. S. ADKINS, *Chief Deputy,*
*Summers County Sheriff Department*, and
JACK HELLEMS, *Magistrate*, and
NATHAN ALLEN, *Magistrate*, and
CHRIS LEFLER,
*Prosecuting Attorney for Summers Co.*,

      Defendants.

## ORDER

Pending is Plaintiff Charles K. Angell, Jr.'s Application to Proceed without Prepayment of Fees or Costs [ECF 1], filed April 2, 2026.

This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on June 1, 2026. Magistrate Judge Aboulhosn recommended the Court deny Mr. Angell's Application to Proceed without Prepayment of Fees and Costs and dismiss the action without prejudice.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on June 18, 2026. No objections were filed.

Accordingly, the Court **ADOPTS** the PF&R [**ECF 8**], **DENIES** the Application to Proceed without Prepayment of Fees or Costs [**ECF 1**], **DISMISSES WITHOUT PREJUDICE** the Complaint [**ECF 2**], and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 27, 2026

Frank W. Volk
Chief United States District Judge

2