**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

CHARLES K. ANGELL, JR.,

Plaintiff,

v. CIVIL ACTION NO. 5:26-cv-00242

JUSTIN FARIS, *Sheriff,* and
TROOPER B. J. WILEY,
*WV State Police*, and
TROOPER HATFIELD,
*State Trooper*, and
J. S. WARD, *Deputy Sheriff*, and
DEPUTY T. A. WITHROW,
*Summers Co. Sheriff Department*, and
T. S. ADKINS, *Chief Deputy,*
*Summers County Sheriff Department*, and
JACK HELLEMS, *Magistrate*, and
NATHAN ALLEN, *Magistrate*, and
CHRIS LEFLER,
*Prosecuting Attorney for Summers Co.*,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is *pro se* Plaintiff Charles K. Angell, Jr.'s Specific Objections to the Proposed Findings and Recommendation ("PF&R") [ECF 8] entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on June 1, 2026, and his Request for Leave to File a Second Amended Complaint. [ECF 15].

**I.**

This action was previously referred to Magistrate Judge Aboulhosn for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R on June 1, 2026, in which he addressed Mr. Angell's failure to participate in this case. [ECF 8]. Magistrate Judge Aboulhosn recommended

the Court deny Mr. Angell's Application to Proceed Without Prepayment of Fees or Costs [ECF 1] and dismiss the matter without prejudice. [ECF 8 at 4]. Objections to the PF&R were due on or before June 18, 2026. [ECF 8]. No objections were filed. On July 27, 2026, the Court entered an Order adopting Magistrate Judge Aboulhosn's PF&R and a Judgment Order dismissing the matter without prejudice. [ECF 10; ECF 11].

On August 27, 2026, Mr. Angell filed a Motion to Reopen Time to File an Appeal Under Fed. R. App. P. 4(a)(6), or Alternatively to Extend Time Under Fed. R. App. P. 4(a)(5), which the Court construed as a motion to extend time to file objections to the PF&R. [ECF 12]. Also on August 27, 2026, Mr. Angell filed a Notice of Change of Address. [ECF 13]. On September 15, 2026, the Court granted Mr. Angell's Motion [ECF 12], vacated the Order adopting the PF&R [ECF 10], vacated the Judgment Order [ECF 11], and directed Mr. Angell to file any objections to the PF&R within 14 days of entry of the Order [ECF 14]. [ECF 14 at 2]. Mr. Angell objected to the PF&R on September 28, 2026. [ECF 15].

**II.**

Under *Federal Rule of Civil Procedure* 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). A district judge is required "to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection . . . is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotation marks omitted); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*,

843 F.2d 1015, 1019 (7th Cir. 1988). A court, therefore, need not conduct de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**III.**

Mr. Angell makes three specific objections to the PF&R that warrant review. First, Mr. Angell contends he "did not abandon or lose interest in this action" inasmuch as his Motion to Reopen [ECF 12], Notice of Change of Address [ECF 13], and prompt filing of his Objections show a desire to continue the matter. [ECF 15 at 2]. Second, Mr. Angell contends "[t]he dismissal factors do not support dismissal" inasmuch as he has no "history of deliberately proceeding in a dilatory fashion," no defendant would be prejudiced if the case remained open, and "[a] less drastic remedy is available;" the remedy Mr. Angell suggests is to allow him to "submit a Second Amended Complaint that complies with ECF No. 7." [*Id.*]. Third, Mr. Angell contends "[t]he fee application should not be denied merely because dismissal was recommended" and requests the "Court keep the fee application pending or evaluate it on its own merits." [*Id.*].

Our *Local Rule of Civil Procedure* 41.1 allows dismissal if "the parties have shown no interest in further prosecution . . . unless good cause for its retention on the docket is shown." L. R. Civ. P. 41.1. Similarly, *Federal Rule of Civil Procedure* 41(b) allows dismissal of a case "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). Our Court of Appeals has established four criteria when determining dismissal under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less

drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990)).

Mr. Angell filed his original Complaint [ECF 2] on April 2, 2026, alleging multiple violations of federal law including 42 U.S.C. § 1983. [ECF 2 at 3]. On April 3, 2026, Magistrate Judge Aboulhosn found Mr. Angell's original Complaint [ECF 2] attempted to "litigate a Section 1983 claim on behalf of Plaintiff Haley Weaver[1] and/or her minor child" and directed Mr. Angell to file an amended complaint. [ECF 4 at 2, 3]. That same day, Mr. Angell filed his Amended Complaint, again alleging multiple violations of federal law including 42 U.S.C. § 1983. [ECF 5 at 3]. On April 30, 2026, Magistrate Judge Aboulhosn found Mr. Angell's Amended Complaint [ECF 5] failed "to state sufficient facts supporting the basis for the Court's jurisdiction, or even precisely state what his claims are" and directed Mr. Angell to file a second amended complaint on or before May 22, 2026. [ECF 7 at 2]. Mr. Angell failed to file a second amended complaint. Magistrate Judge Aboulhosn subsequently entered his PF&R on June 1, 2026. [ECF 8].

Mr. Angell contends he did not lose interest in this case inasmuch as he filed the Motion to Reopen [ECF 12], Notice of Change of Address [ECF 13], and timely Objections. [ECF 15 at 2]. However, Mr. Angell did not appear to have an interest in this case until after Magistrate Judge Aboulhosn submitted his PF&R. Mr. Angell was given an opportunity to file a second amended complaint, yet he failed to file. Mr. Angell filed his Motion to Reopen [ECF 12] one month after the case was closed and nearly three months after the PF&R was entered. [*See* ECF 8; *see* ECF 11]. Further, no good cause has been shown as to why the case should remain on the docket. *See* L. R. Civ. P. 41.1.

---

[1] The Court notes Ms. Weaver was terminated from the case on April 3, 2026, pursuant to the Amended Complaint [ECF 5].

As to dismissal, first, Mr. Angell alone is responsible for his failure to file a second amended complaint. Mr. Angell was warned "[f]ailure to file a form Complaint no later than **May 22, 2026**[,] will result in a recommendation of dismissal of this matter without prejudice." [ECF 7 at 2]. Mr. Angell received this warning; however, he contends he did not file a second amended complaint due to difficulties in understanding the Order [ECF 7] and problems with his health, disability, shelter, medical care, and other basic needs. [ECF 15 at 1]. Although the Court sympathizes with Mr. Angell's unfortunate circumstances, his failure to file a second amended complaint weighs in favor of dismissal inasmuch as he alone bears personal responsibility for the failure to file.

Second, Mr. Angell contends Defendants would not be prejudiced if the case remained open. The contention is misplaced. On the contrary, there appears to be no prejudice to Defendants if this case was dismissed. Third, as Magistrate Judge Aboulhosn noted in his PF&R, "the record is unclear that the Plaintiff has a history of 'deliberately proceeding in a dilatory fashion' beyond the fact that the Plaintiff has failed to properly amend his complaint despite being specifically instructed to do so." [ECF 8 at 3]. Although Mr. Angell's failure to file a second amended complaint was likely not deliberate, his failure to file is dilatory and thus supports dismissal. *See Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00331, 2014 WL 2063828, at *4 (S.D.W. Va. Aug. 14, 2014).

Fourth, although dismissal with prejudice would be too harsh a sanction, dismissal without prejudice is plainly appropriate given the four-factor analysis and the failure to follow the Court's orders regarding filing a second amended complaint. Dismissal without prejudice allows Mr. Angell to correctly refile his case if he chooses. Accordingly, the Court denies Mr. Angell's

request to file a second amended complaint in this case and denies keeping the fee application pending or otherwise evaluating his application.

**IV.**

Based on the foregoing discussion, the Court **OVERRULES** Mr. Angell's Objections [**ECF 15**], **DENIES** his request for leave to file a second amended complaint [**ECF 15**], **ADOPTS** the PF&R [**ECF 8**], **DENIES** Mr. Angell's Application to Proceed Without Prepayment of Fees and Costs [**ECF 1**], **DISMISSES WITHOUT PREJUDICE** the Amended Complaint [**ECF 5**], and **DIRECTS** the Clerk to remove this matter from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: November 23, 2026

Frank W. Volk
Chief United States District Judge